MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>REAL PROPERTY LOCATED AT 2255 ELKHORN BOULEVARD, RIO LINDA, CALIFORNIA, SACRAMENTO COUNTY, APN: 207-0202-046-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>        Defendant. | 2:16-CV-02394-KJM-CKD<br><br><br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil action in rem brought against certain real property located at 2255 Elkhorn Boulevard, Rio Linda, California, Sacramento County, APN: 207-0202-046-0000, including all appurtenances and improvements thereto (hereafter "defendant property"), and more fully described as:

    PARCEL 1:

    PARCEL C, AS SHOWN ON THE PARCEL MAP ENTITLED "SUBDVISION 04-0434", ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JULY 6, 2005, IN BOOK 183 OF PARCEL MAPS, PAGE 13.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS, ROAD AND UTIUTY PURPOSES OVER THE WEST 28 FEET OF THE FOLLOWING DESCRIBED LAND:

THE EAST 165 FEET OF LOT 48 OF "RIO LINDA SUBDIVISION NO. 7", ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JUNE 18,1923, IN BOOK 17 OF MAPS, MAP NO. 26, THE SUBDIVISION OF SAID LOT BEING MADE ON THE BASIS THAT THE LOT AREA INCLUDES ONE-HALF OF THE ADJOINING ROAD.

EXCEPTING THEREFROM THE NORTH 130.00 FEET THEREOF.

PARCEL 3:

A NON-EXCLUSIVE EASEMENT FOR PUBUC UTILITY PURPOSES OVER THE EAST 5 FEET OF THE FOLLOWING DESCRIBED LAND:

THE EAST 165 FEET OF LOT 48 OF "RIO LINDA SUBDIVISION NO. 7", ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON JUNE 18,1923, IN BOOK 17 OF MAPS NO. 26, THE SUBDIVISION OF SAID LOT BEING MADE ON THE BASIS THAT THE LOT AREA INCLUDES ONE-HALF OF THE ADJOINING ROAD.

EXCEPTING THEREFROM THE NORTH 130.00 FEET THEREOF.

APN: 207-0202-046-0000

The recorded owner of the defendant real property is Sergiy Buzulan, a single man.

2. A Verified Complaint for Forfeiture In Rem ("Complaint") was filed on October 6, 2016, alleging that said defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

3. On October 12, 2016, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on October 13, 2016, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on November 14, 2016.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

///

      a. Marina Pukhkan
      b. Sergey Pukhkan
      c. Sergiy Buzulan

6. Claimants Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan filed claims to the defendant property on November 10, 2016 and answers to the Complaint on December 1, 2016. U.S. Bank holds the mortgage note for the defendant property and its affiliated debt will be paid pursuant to this stipulation. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

8. That judgment is hereby entered against claimants Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan and all other potential claimants who have not filed claims in this action.

    a. Claimants Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan shall attempt to refinance the defendant real property. If successful, within one-hundred and eighty (180) days of the entry of Final Judgment of Forfeiture, Claimants Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan shall send a cashier's check for $100,000.00 made payable to the Department of Treasury to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. The check shall be the settlement amount that will be substituted for the defendant property at 2255 Elkhorn Boulevard, Rio Linda, California, Sacramento County, APN: 207-0202-046-0000 and be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Alternatively, the $100,000.00 check may be paid out of any escrow affiliated with the refinance, or the United States shall accept an amount less than $100,000.00 in refinance funds, if the Claimants pay quarterly payments that equal $100,000.00 when combined with funds obtained from refinancing the defendant property. In no circumstance will the refinance funds be less than $75,000.00 or the quarterly installments be less than $2,500.00.

///

///

b. Within thirty (30) days of full payment of the entire settlement amount of $100,000.00, the United States shall record a withdrawal of lis pendens against the defendant real property.

c. If claimants Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan are unable to secure financing for the $100,000.00 payment to the United States, or secure financing for at least $75,000 and make quarterly payments such that the total of the quarterly payments and financing equal $100,000, as described in section a. above, all right, title and interests of Marina Pukhkan, Sergey Pukhkan, and Sergiy Buzulan in the defendant real property shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

9. The Internal Revenue Service (or a designee) shall list the defendant real property for sale and shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real property.

10. The Internal Revenue Service shall have the defendant real property appraised by a licensed appraiser of its choosing. The Internal Revenue Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

11. If necessary, the Internal Revenue Service, and any real estate broker employed by the Internal Revenue Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

12. The following costs, expenses and distributions shall be paid from escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the Internal Revenue Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    c. A real estate commission not to exceed the Internal Revenue Service contractual brokerage fee.

    d. The seller shall pay any county transfer taxes.

    e.  To claimant U.S.Bank: a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County at Book number 20101117, Page 1246 on November 17, 2010, in the principal amount of

      $304,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by U.S. Bank up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs on the defendant real property.

    f.  To the United States of America: The United States shall receive $100.000.00 of the net proceeds from the sale of the defendant property. All right, title and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

    g.  To claimants Marina Pukhkan, Sergey Pukhkan and Sergiy Buzulan: Claimants will receive the remaining net proceeds from the sale of the defendant property, returned through their attorney Erin J. Radekin

  13.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

  14.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

  15.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

  16.  The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant property with the Complaint, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

  17.  Each party shall bear their own costs and attorney's fees.

  18.  The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

  19.  Based upon the allegations set forth in the Complaint filed October 6, 2016, and the Stipulation for Final Judgment of Forfeiture filed in this case, the Court enters this Certificate of

Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant property and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

SO ORDERED THIS 2nd day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE